IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CYNTHIA GIFFEN,

        Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.

        Defendant.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1. Defendant is a debt collector who engaged in abusive debt collection activity against the Ms. Giffen. Defendant illegally talked to numerous third parties, including Ms. Giffen's family, a neighbor and one of her clients, to pressure Ms. Giffen to pay debts.

2. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. ("FDCPA")

## Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d),and under 28 U.S.C. §§1331, 1337 and 1367.

## Parties

4. Plaintiff Cynthia Giffen resides in Evergreen, Colorado. She is a "consumer" as defined by 15 U.S.C. §1692a(3). At all times relevant to this complaint, she resided in Colorado.

5. Defendant United Collections Bureau ("UCB") is a foreign corporation whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. UCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Facts**

6. Ms. Giffen had a Chase Bank credit card.

7. Like many others in the current economic slowdown, she has suffered economic distress and has been unable to pay the bank.

8. Chase turned the account over to UCB to assist it with collecting the account.

9. UCB commenced an abusive campaign to collect this debt.

10. UCB called Ms. Giffen's mother, her sister, a neighbor, her niece, and one of her clients. All of these phone calls were designed to embarrass Ms. Giffen and to put enormous pressure on her to pay the debt.

11. UCB left messages with all of these persons for Ms. Giffen to return the call to UCB, as soon as possible, even though it knew her exact location.

12. Ms. Giffen called UCB and begged them to stop calling these third parties, but UCB disregarded that request and continued its abusive campaign to call third parties.

13. UCB also placed phone calls to Ms. Giffen before 8:00 a.m.

14. The foregoing acts and omissions were undertaken by Defendant willfully, maliciously, knowingly and in conscious or reckless disregard of the rights of Plaintiff.

15. Defendant's actions constitute the transaction of business within Colorado and the commission of tortious acts within this state.

16. As a result of the actions of Defendant, Ms. Giffen suffered actual damages, including loss of business, invasion of privacy, lost time, embarrassment, inconvenience, aggravation, humiliation, and emotional distress.

### First Claim for Relief: Violations of the FDCPA

17. The foregoing actions of Defendant violate the FDCPA, including 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f and 1692g.

18. Plaintiff is entitled to recover statutory damages and actual damages.

### Second Claim for Relief: Tortious Debt Collection

19. Defendant's actions constitute unreasonable and tortious debt collection practices and invaded Ms. Giffen's privacy.

20. Plaintiff is entitled to recover actual damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendant.

### Jury Demand

21. Plaintiff hereby demands trial by a six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award statutory and actual damages for Defendant's violations of the Fair Debt Collection Practices Act;

B. Award actual and punitive damages for Defendant's tortious debt collection;

C. Award reasonable attorney fees;

      D.      Award costs; and

      E.      Grant such other relief as it deems just and proper.

Respectfully submitted,

s/ Rob Treinen
FEFERMAN & WARREN, Attorneys for Plaintiff
ROB TREINEN, Colorado Bar # 33813
RICHARD N. FEFERMAN
300 Central Ave. SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)
rtreinen@nmconsumerwarriors.com