IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02610-RPM-MJW

CYNTHIA GIFFEN,

Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.

Defendant.

## ANSWER OF DEFENDANT

COMES NOW Defendant, United Collection Bureau, Inc. by and through its counsel of record, Hall & Evans, LLC, and respectfully submits the following Answer to the Plaintiff's Complaint:

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendant admits the it is a debt collector. Defendant denies the remaining allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Paragraph 2 of the Plaintiff's Complaint is a statement of law rather than an allegation of fact that does not require a response from the Defendant. To the extent paragraph 2 of the Plaintiff's Complaint requires a response from the Defendant, Defendant denies that it committed violations of the federal Fair Debt Collection Practices Act.

### Jurisdiction

3. Defendant admits the allegations in Paragraph 3 of the Plaintiff's Complaint.

Parties

4. Upon information and belief, Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. With respect to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that it is a foreign corporation engaged in the collection of consumer debts, that it regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another, and is a debt collector as defined by 15 U.S.S. 1692a(6). Defendant denies the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

Facts

6. Upon information and belief, Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiff's Complaint and, therefore, denies such allegations.

8. Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations in paragraph 9 of the Plaintiff's Complaint.

10. With respect to the allegations in paragraph 10 of the Plaintiff's Complaint, Defendant admits that it contacted third-parties in order to attempt to procure contact information for the Plaintiff. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

First Claim for Relief: Violations of the FDCPA

17. Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

Second Claim for Relief: Tortious Debt Collection

19. Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Paragraph 21 of the Plaintiff's Complaint is a jury demand and does not require a response from the Defendant.

22.     Defendant denies each and every allegation contained in the Plaintiff's Complaint not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state any claims upon which relief may be granted.

2.      To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

3.      Any alleged act or omission causing any damage alleged by Plaintiff was not the result of willful or wanton conduct.

4.      Any alleged injuries sustained by Plaintiff was caused in whole or in part by the acts or omissions of persons other than Defendant, over whom Defendant had no control, or by the superseding intervention of causes outside Defendant's control.

5.      Defendant acted in good faith at all times and did not mislead, deceive, or misrepresent any facts to Plaintiff.

6.      Defendant is not the cause of any damage alleged by Plaintiff.

7.      Plaintiff has not suffered any actual damage(s).

8.      To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

9.      Plaintiff's claims may be barred by the applicable statute of limitations and/or statute of repose.

10.     Defendant's actions were unintentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.     Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE Defendant respectfully request that the Court enter judgment against Plaintiff and award Defendant its costs and such other relief as the Court deems warranted.

Respectfully submitted this 9th day of December, 2009.

                                            s/ Timothy M. Murphy
                                            Timothy M. Murphy
                                            HALL & EVANS, L.L.C.
                                            1125 Seventeenth Street
                                            Suite 600
                                            Denver, Colorado
                                            303-628-3311

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 9th day of December, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rob Treinen, Esq.
Richard N. Feferman, Esq.
Feferman & Warren
300 Central Avenue S.W., Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)
rtreinen@nmconsumerwarriors.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE.

                s/ Caroline Villegas            .
                Paralegal to
                Timothy M. Murphy
                HALL & EVANS, LLC
                1125 Seventeenth Street
                Suite 600
                Denver, CO 80202
                303-628-3339