IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02610-RPM-MJW

CYNTHIA GIFFEN,

Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.

Defendant.

## STIPULATION AND PROTECTIVE ORDER (Docket No 19-1)

The Court, being fully advised, HEREBY ORDERS a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore state as follows:

1. In this action, Defendant seeks to protect widespread disclosure of Confidential Information (as defined in paragraph 2 below) in this matter. The Parties may also be expected to seek additional Confidential Information during discovery and questioning concerning Confidential Information in the course of depositions. The defense asserts the disclosure of such information outside the scope of this litigation could result in significant injury to one or more business or privacy interests. The Court enters the within Protective Order to prevent the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made from such data - not made available to the public - and designated by one of

the Parties in the manner provided in paragraph 3 below as containing: any confidential personnel, employment, personal, or medical information pertaining to any party to this action, as well as to any other person as to whom such information is sought or disclosed in the course of discovery in this action, as to which data and materials the disclosing participant seeks protection from public disclosure.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or;

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the party which designated the information as confidential must move for a protective order within 7 days of receipt by counsel of notice of opposing counsel's objection. The party seeking to protect the information as confidential also bears the burden of persuasion

to designate the information as confidential. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a sealed envelope ~~with~~ consistent with D.C.COLO.LCivR 7.2 the following statement typed conspicuously thereon:

*MAF 9-1-10*

**CONFIDENTIAL**

**This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on (date) in Civil Action No 09-cv-02610-RPM-MJW.**

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed in sealed form.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. until Termination of this case.

*MAF 9-1-10*

13. The Parties adopt no position as to the authenticity or admissibility of documents produced subject to this Protective Order.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 9th day of July, 2010.

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED TO:**

S/Rob Treinen
Rob Treinen, Esq.
Richard N. Feferman, Esq.
Feferman & Warren
300 Central Avenue S.W., Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)

Attorneys for Plaintiff

S/Timothy M. Murphy, Esq.
Timothy M. Murphy, Esq.
Andrew Ringel, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street
Suite 600
Denver, CO 80202
(303) 628-3300

Attorneys for Defendant

# EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO       )
                        )  ss.
COUNTY OF _____   )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in Mata v. Saiz, Hough, and Quintana, Civil Action No. 01 B 1633, a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for (party), that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

        (Signature)

        (Print or Type Name)

        Address:

        Telephone No.: (\_\_\_)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2001, by
_____.

WITNESS my hand and official seal.

                                                      Notary Public

[S E A L]

                         My Commission Expires: _____

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July, 2010, I electronically filed the foregoing STIPULATION AND PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rob Treinen, Esq.
Richard N. Feferman, Esq.
Feferman & Warren
300 Central Avenue S.W., Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)
rtreinen@nmconsumerwarriors.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

NONE.

                                        s/ Heidi Carmack
                                        Legal Secretary to
                                        Timothy M. Murphy
                                        HALL & EVANS, LLC
                                        1125 Seventeenth Street
                                        Suite 600
                                        Denver, CO 80202
                                        303-628-3339